Michael Goldberg (#188669)
mmgoldberg@glancylaw.com
Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Gregory S. Asciolla (pro hac vice)
gasciolla@labaton.com
Hollis L. Salzman (pro hac vice)
hsalzman@labaton.com
William V. Reiss (pro hac vice)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACE MARINE RIGGING & SUPPLY, INC.,<br><br>               Plaintiff,<br>    v.<br><br>VIRGINIA HARBOR SERVICES, INC., ET AL.,<br><br>               Defendants. | No. SACV 11-00436-GW(FFMx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS WITH:  (1) VIRGINIA HARBOR SERVICES, INC., FENTEK MARINE SYSTEMS GMBH, ROBERT B. TAYLOR AND DONALD MURRAY; (2) MARINE FENDERS INTERNATIONAL AND GERALD THERMOS; (3) WATERMAN SUPPLY CO., INC. AND SEYMOUR WATERMAN; AND (4) MARITIME INTERNATIONAL, INC. AND JOHN DEATS**<br><br>**Date:  September 15, 2011**<br>**Time:  8:30 A.M.**<br>**Judge:  The Honorable George Wu**<br>**Ctrm:  10** |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS

1   Upon consideration of the Amended Motion for Preliminary Approval of
2   Proposed Settlements ("Motion") with:  (1) Virginia Harbor Services, Inc., Fentek
3   Marine Systems GmbH, Robert B. Taylor and Donald Murray ("VHS
4   Defendants"); (2) Marine Fenders International ("MFI") and Gerald Thermos
5   ("MFI Defendants"); (3) Waterman Supply Co., Inc. and Seymour Waterman
6   ("Waterman Defendants"); and (4) Maritime International, Inc. and John Deats
7   ("Maritime Defendants) (collectively, "Settling Defendants"), it is hereby
8   **ORDERED** as follows:
9       1.   The Motion is hereby **GRANTED**.
10      2.   The Court finds that the proposed Settlement Agreements with the
11  Settling Defendants, subject to final determination following a hearing after notice
12  to the proposed Settlement Classes, are sufficiently fair, reasonable and adequate to
13  authorize dissemination of notice to the proposed Settlement Classes.
14      3.   Notice shall be provided to all members of the proposed Settlement
15  Classes (the "Settlement Classes") who can be identified using reasonable efforts.
16  With respect to the Settlement Agreement with the VHS Defendants, pursuant to
17  Federal Rule of Civil Procedure 23, the Court provisionally certifies the following
18  Settlement Class:

> All persons and entities (but excluding Defendants, their
> predecessors, parents, subsidiaries, affiliates, and co-
> conspirators, United States federal government entities
> and the State of Florida and all Florida state and local
> government entities) who purchased Foam-Filled Fenders
> and/or Buoys in the United States directly from Settling
> Defendants, Named Co-Conspirators, any other
> Defendant or any of their predecessors, parents,
> subsidiaries, or affiliates at any time during the period

> from and including June 1, 2000 to and including December 31, 2005.

With respect to the Settlement Agreements with the MFI Defendants, Waterman Defendants and Maritime Defendants, pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following Settlement Class:

> All persons and entities (but excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and United States federal government entities) who purchased Foam-Filled Fenders and/or Buoys in the United States directly from Settling Defendants, Named Co-Conspirators, any other Defendant or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including June 1, 2000 to and including December 31, 2005.

4. Plaintiff Ace Marine Rigging & Supply, Inc. is an adequate representative of the Settlement Classes and is hereby appointed as the class representative of the Settlement Classes.

5. The Court appoints the following law firm as Settlement Class Counsel: Labaton Sucharow LLP, 140 Broadway, New York, NY 10005.

6. The Court approves the form of the Notice and Summary Notice (the "Notices"), attached to the Amended Motion for Preliminary Approval as Exhibits "F" and "G", respectively. The Court further finds that the mailing and publication of the Notices in the manner set forth in Paragraphs 7 and 8 below constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of

Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

7. Settlement Class Counsel are hereby directed to cause a Notice of Proposed Settlements of Class Action with Settling Defendants and Hearing on Settlement Approval and the attached Claim Form, in the forms attached to the Amended Motion for Preliminary Approval as Exhibits "F" and "H", to be (a) mailed by first-class mail, postage prepaid, on or before October 14, 2011 ("Notice Date") to all members of the Settlement Classes who can be identified using reasonable efforts; and (b) provided to all persons who request it. Settlement Class Counsel shall also post a copy of the Notice on the Internet at a readily accessible web address. Settlement Class Counsel shall identify the web address in all Notices that Settlement Class Counsel cause to be mailed, provided, or distributed pursuant to this paragraph.

8. Settlement Class Counsel are hereby directed to cause a Summary Notice of Proposed Settlement of Class Action with the Settling Defendants and Hearing on Settlement Approval ("Summary Notice"), in the form attached to the Motion for Preliminary Approval as Exhibit "G", to be published on or before October 24, 2011 on one occasion in the *Investor's Business Daily* and in *Business Wire*.

9. The Court will hold a hearing (the "Hearing") on **January 19, 2012 at 8:30 a.m.** at the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Courtroom 10, to determine the fairness, reasonableness and adequacy of the proposed settlements and whether the settlements should be finally approved and a final judgment entered thereon. The Court will also consider whether to approve Settlement Class Counsel's Fee and Expense Application. Any Settlement Class Member who follows the procedure set forth in the Notice may appear and

be heard at this Hearing.  The Hearing may be continued without further notice to the Settlement Classes.

10. Settlement Class Counsel shall file with the Court and serve on the parties a motion for final approval of the Settlement Agreements and Settlement Class Counsel's Fee and Expense Application on or before December 5, 2011.

11. All requests for exclusion from the Settlement Classes shall be postmarked no later than December 20, 2011.

12. Any member of the Settlement Classes who wishes to object to the terms of the Settlement Agreements or to Settlement Class Counsel's Fee and Expense Application must do so in writing, filed with the Clerk and served on Settlement Class Counsel and counsel for the Settling Defendants on or before December 20, 2011.

13. On or before January 9, 2012, Settlement Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for the Settling Defendants, affidavits or declarations of the persons under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.  In addition, such affidavits and declarations shall include a summary of the claims response rate of Class Members who filed a timely, valid Claim Form.

14. Any member of the Settlement Classes who wishes to submit a Claim Form must do so postmarked no later than December 20, 2011, and shall otherwise comply with the requirements and instructions set forth in the Claim Form.

15. The Court approves the establishment of the escrow accounts under the Settlement Agreements as qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSFs.  Settlement Class

1  Counsel are, in accordance with the Settlement Agreements, authorized to expend
2  funds from the QSFs for the payment of the costs of notice, payment of taxes, and
3  settlement administration costs.
4      16.   The litigation against the Settling Defendants is stayed except to the
5  extent necessary to effectuate the Settlement Agreements.
6      DONE AND ORDERED in Chambers in Los Angeles, California this 15th
7  day of September, 2011.

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE