Michael Goldberg
mmgoldberg@glancylaw.com
Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Gregory S. Asciolla (pro hac vice)
gasciolla@labaton.com
Hollis L. Salzman (pro hac vice)
hsalzman@labaton.com
William V. Reiss (pro hac vice)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACE MARINE RIGGING & SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA HARBOR SERVICES, INC., ET AL., <br><br> Defendants. | No. SACV11-00436-GW(FFMx) <br><br> **ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE** <br><br> Date: January 19, 2012 <br> Time: 8:30 A.M. <br> Judge: The Honorable George Wu <br> Ctrm: 10 |

The Court having considered Settlement Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Award for Class Representative (the "Motion") and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

1. The Motion seeks an award of attorneys' fees to Settlement Class Counsel of 25% of the Settlement Fund ($797,500) plus interest (to be determined at the time of distribution), which is comprised of the settlement payments from: (1) Virginia Harbor Services, Inc., Fentek Marine Systems GmbH, Robert B. Taylor and Donald Murray; (2) Waterman Supply Co., Inc. and Seymour Waterman; and (3) Maritime International, Inc. and John Deats.  Settlement Class Counsel also seek reimbursement of $62,828.53 in unreimbursed costs and expenses, and an incentive award of $25,000 for Plaintiff and sole Class Representative Ace Marine Rigging & Supply, Inc. ("Plaintiff").

2. The amount of attorneys' fees requested is fair and reasonable under the "percentage-of-the-fund" method.  This is confirmed by a lodestar "cross-check," which revels a negative lodestar multiplier of 0.55.

3. The attorneys' fees requested by Settlement Class Counsel were entirely contingent upon success.  Class Counsel risked time and effort and advanced significant costs and expenses with no ultimate guarantee of compensation.

The award of 25% is warranted for reasons set out in Settlement Class Counsel's moving papers, including but not limited to the following:  (1) the excellent result obtained for the Class – payment by the Settling Defendants of $3,190,000 in cash; (2) the quality and quantity of work performed by Class Counsel; (3) the complexity of issues in this Action; (4) the risks faced by Class Counsel throughout the litigation; and (5) the positive reaction of the Class.

The costs and expenses sought were incurred in connection with the prosecution of the litigation for the benefit of the Class and were reasonable and necessary to the further prosecution of this Action.

5.  Plaintiff, the sole Class Representative, is entitled to the requested incentive award in the amount of $25,000 in recognition of its work performed for the benefit of the Class and the risks undertaken.  Indeed, without Plaintiff undertaking the serious financial and reputation risks of this complex class action litigation and protecting the interests of the Class, the Settlements are not likely to have occurred.

6.  Therefore, upon consideration of the Motion and the memorandum and declarations in support thereof, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at the hearing on this matter, the Court hereby finds that:  (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; and (iii) the incentive award requested is reasonable and warranted.

7.  Accordingly, it is hereby ORDERED and DECREED that:

(a) Settlement Class Counsel are awarded attorneys' fees in the amount of 25% of the Settlement Fund ($797,500) plus interest to be determined at the time of distribution.

(b) Settlement Class Counsel are awarded reimbursement of unreimbursed costs and expenses in the amount of 62,828.53.

(c) Plaintiff, the sole Class Representative, is awarded an incentive award of $25,000.

(d) The attorneys' fees, reimbursement of expenses, and incentive award shall be paid from the Settlement Fund and the earned interest thereon.

(e) The attorneys' fees and expenses shall be allocated amongst Class Counsel by Settlement Class Counsel (Labaton Sucharow LLP) in

[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE

2

a manner, which, in Settlement Class Counsel's good-faith judgment, reflects each of Class Counsel's contributions to the establishment, prosecution, and partial resolution of this litigation.

DONE AND ORDERED in Chambers in Los Angeles, California, this 19th day of January, 2012.

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE

3