Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
Michael Goldberg (#188669)
mmgoldberg@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Gregory S. Asciolla (pro hac vice)
gasciolla@labaton.com
Hollis L. Salzman (pro hac vice)
hsalzman@labaton.com
William V. Reiss (pro hac vice)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**NO JS-6**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE MARINE RIGGING & SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA HARBOR SERVICES, INC., ET AL., <br><br> Defendants. | No. SACV11-00436-GW(FFMx) <br><br> **RULE 54(b) FINAL JUDGMENT ORDER AS TO: (1) VIRGINIA HARBOR SERVICES, INC., FENTEK MARINE SYSTEMS GMBH, ROBERT B. TAYLOR AND DONALD MURRAY; (2) MARINE FENDERS INTERNATIONAL AND GERALD THERMOS; (3) WATERMAN SUPPLY CO, INC. AND SEYMOUR WATERMAN; AND (4) MARITIME INTERNATIONAL, INC. AND JOHN DEATS** <br><br> Date: January 19, 2012 <br> Time: 8:30 A.M. <br> Judge: The Honorable George Wu <br> Ctrm: 10 |

[PROPOSED] RULE 54(b) FINAL JUDGMENT ORDER

The Court has considered Plaintiff Ace Marine Rigging & Supply, Inc.'s Motion for Final Approval of Class Action Settlements with Defendants: (1) Virginia Harbor Services, Inc. ("VHS"), Fentek Marine Systems GmbH, Robert B. Taylor and Donald Murray ("VHS Defendants"); (2) Marine Fenders International and Gerald Thermos ("MFI Defendants); (3) Waterman Supply Co., Inc. and Seymour Waterman ("Waterman Defendants"); and (4) Maritime International, Inc. and John Deats ("Maritime Defendants") (collectively, the "Settling Defendants") and has held a duly-noticed final approval hearing on January 19, 2012. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and therefore expressly directs the entry of Final Judgment as to the Settling Defendants:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Final Judgment Order which are defined in the Settlement Agreements between the Plaintiff and the Settlement Classes on the one hand and the Settling Defendants on the other hand are, unless otherwise defined herein, used in this Final Judgment Order as defined in the Settlement Agreements.

3. The Court finds that the Foam-Filled Fenders and/or Buoys Settlements were based on vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

4. The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Classes certified herein, notifying the Settlement Classes of, *inter alia*, the pendency of the above-captioned action and the proposed Foam-Filled Fenders and/or Buoys Settlements with the Settling Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice

1  by first-class mail to all members of the Settlement Classes who could be identified
2  through reasonable effort as well as notice published in the *Investor's Business*
3  *Daily* and in *Business Wire*. Notice fully complied in all respects with the
4  requirements of Rule 23 of the Federal Rules of Civil Procedure and the due
5  process requirements of the Constitution of the United States.

6      5.    With respect to the VHS Defendants Settlement Agreement, this
7  Court certifies the following class for settlement purposes only:

> All persons and entities (but excluding Defendants, their
> predecessors, parents, subsidiaries, affiliates, and co-
> conspirators, United States federal government entities
> and the State of Florida and all Florida state and local
> government entities) who purchased Foam-Filled Fenders
> and/or Buoys in the United States directly from Settling
> Defendants, Named Co-Conspirators, any other
> Defendant or any of their predecessors, parents,
> subsidiaries, or affiliates at any time during the period
> from and including June 1, 2000 to and including
> December 31, 2005.

20  With respect to the MFI Defendants, Waterman Defendants and Maritime
21  Defendants Settlement Agreements, the Court certifies the following class for
22  settlement purposes only:

> All persons and entities (but excluding Defendants, their
> predecessors, parents, subsidiaries, affiliates, and co-
> conspirators and United States federal government
> entities) who purchased Foam-Filled Fenders and/or
> Buoys in the United States directly from Settling

Defendants, Named Co-Conspirators, any other Defendant or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including June 1, 2000 to and including December 31, 2005.

6. For the purposes of this Order, "Foam-Filled Fenders" means structural protection marine fenders fabricated from an elastomer shell filled with closed-cell polyethelene foam, and related ancillary products, which are typically used as a cushion between ships and either fixed structures such as docks or piers, or floating structures such as other ships. "Foam-Filled Buoys" means buoys fabricated from an elastomer shell and filled with closed-cell polyethelene foam, and related ancillary products, which are used in a variety of applications, including as channel markers and navigational aids. "Foam-Filled Fenders and/or Buoys" means Foam-Filled Fenders and/or Foam-Filled Buoys.

7. The Court finds that certification of the Settlement Classes is appropriate because:

    (a) The Settlement Classes are so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

    (b) There are questions of law or fact common to the Settlement Classes, satisfying the requirements of Rule 23(a)(2), including: (1) did Defendants conspire to raise, fix, maintain or stabilize the prices, rig bids or allocate markets or customers of Foam-Filled Fenders and Buoys purchased in the United States in violation of Section 1 of the Sherman Act; (2) the period of time the conspiracy operated; and (3) whether the conspiracy

          raised, fixed, maintained or stabilized the prices of Foam-Filled Fenders and/or Buoys;

    (c)    The claims of Representative Plaintiff Ace Marine Rigging & Supply, Inc. are typical of the claims of the Settlement Classes, satisfying the requirement of Rule 23(a)(3);

    (d)    The Representative Plaintiff will fairly and adequately protect the interests of the Settlement Classes, satisfying the requirements of Rule 23(a)(4);

    (e)    Questions of law or fact common to the members of the Settlement Classes, as set forth above, predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

    (f)    The action is manageable as a class action for settlement purposes.

8. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant other than the Settling Defendants to contest certification of any other proposed classes. The Court's findings in this Final Judgment Order shall have no effect on the Court's ruling on any motion to certify any litigation class and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify such a class.

9. The Court finds that no Settlement Class Members have timely requested to be excluded from the Settlement Class(es).

10. The Court finds that the Settlement Agreements with the Settling Defendants are fair, reasonable and adequate to the Settlement Classes within the

meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreements are hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

11. The Court finds that the escrow accounts described in the Settlement Agreements are qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. All claims of Plaintiff and the Settlement Classes that were asserted against the Settling Defendants in the Complaint in the above-captioned Action are dismissed with prejudice, and, except as provided for in the Settlement Agreements, without costs.

13. Plaintiff, Settlement Class Members, their predecessors, successors, past and present parents, subsidiaries affiliates, divisions, and departments, and each of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors administrators, and assigns of each of the foregoing ("Releasing Parties") are permanently barred and enjoined from prosecuting against Released Parties, as defined in the respective Settlement Agreements, any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasing Parties ever had, now have, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Released Parties, whether known or unknown, suspected or unsuspected, in law or equity, concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Foam-Filled Fenders and/or Buoys in the United States, which arise under and/or relate to any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the

Sherman Antitrust Act, 15 U.S.C. § 1 et seq., based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in the Class Action Complaint filed in *Ace Marine Rigging & Supply, Inc. v. Virginia Harbor Services, Inc. et al.*, No. SACV11-00436, the Class Action Complaint filed in *Ace Marine Rigging & Supply, Inc. v. Trelleborg AB*, No. 10-01553 and the Consolidated Amended Class Action Complaint filed in *In re Marine Products Antitrust Litigation*, No. CV10-2319-GW (FFMx) (the "Released Claims"), provided, however, that nothing herein shall release: (1) any claims made by purchasers who are solely indirect purchasers of Foam-Filled Fenders and/or Buoys as to such indirect purchases; (2) claims involving any negligence, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods or similar claim relating to Foam-Filled Fenders and/or Buoys; and/or (3) claims under laws other than those of the United States.

14. Each member of the Settlement Classes has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by section 1542 of the California Civil Code, which reads:

> Section 1542. Certain Claims Not Affected by General Release.
>
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor; and such release shall apply according to its terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law

or principle of any jurisdiction.

15. Each member of the Settlement Classes may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of this paragraph, but each of those Settlement Class Members has expressly waived and has fully, finally and forever settled and released all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

16. The Settling Defendants shall have no obligation for attorneys' fees, costs or expenses, except that VHS shall pay or cause to be paid reasonable costs of disseminating notice of the settlement, including the cost of administration, in an amount not to exceed $25,000 as set forth in ¶ 31 of the VHS Defendants Settlement Agreement.

17. Nothing in this Final Judgment Order or the Settlement Agreements and no aspect of the settlements or negotiations thereof are or shall be deemed or construed to be an admission or concession of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or of the truth of any of the claims or allegations in any of the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding other than to enforce the terms of this Final Judgment Order or the Settlement Agreements.

18. Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*,

implementing and enforcing the Settlement Agreements (including any issue that may arise in connection with the formation and/or administration of the QSFs), entering orders regarding the disbursement of the Settlement Amounts (as defined in the Settlement Agreements) to the Settlement Classes and to Settlement Class Counsel, and adjudicating the Action with respect to Plaintiff's claims asserted against the non-settling Defendants.

DONE AND ORDERED in Chambers in Los Angeles, California this 19th day of January, 2012.

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE