Michael Goldberg (#188669)
mmgoldberg@glancylaw.com
Lionel Z. Glancy (#134180)
lglancy@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Gregory S. Asciolla (pro hac vice)
gasciolla@labaton.com
Hollis L. Salzman (pro hac vice)
hsalzman@labaton.com
William V. Reiss (pro hac vice)
wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACE MARINE RIGGING & SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA HARBOR SERVICES, INC., ET AL., <br><br> Defendants. | No. SACV11-00436-GW (FFMx) <br><br> **ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** <br><br> Date: September 24, 2012 <br> Time: 8:30 A.M. <br> Judge: The Honorable George Wu <br> Ctrm: 10 |

[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

The Court having considered Settlement Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses (the "Motion") and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

1. The Motion seeks an award of attorneys' fees to Settlement Class Counsel of 25% of the Settlement Fund ($62,812.50) plus accrued interest (to be determined at the time of distribution), which is comprised of the settlement payments from: (1) SII, Inc., SHI, Inc. and Frank March; and (2) Urethane Products Corporation. Settlement Class Counsel also seek reimbursement of $15,968.90 in unreimbursed expenses and $17,308.37 in invoiced expenses that have not yet been paid.

2. The amount of attorneys' fees requested is fair and reasonable under the "percentage-of-the-fund" method. This is confirmed by a lodestar "cross-check," which indicates a negative lodestar multiplier of 0.53.

3. The attorneys' fees requested by Settlement Class Counsel were entirely contingent upon success. Class Counsel risked time and effort and advanced significant costs and expenses with no ultimate guarantee of compensation.

4. The award of 25% is warranted for reasons set out in Settlement Class Counsel's moving papers, including but not limited to the following: (1) the excellent result obtained for the Settlement Classes – payment by the Settling Defendants of $251,250.00 in cash; (2) the quality and quantity of work performed by Class Counsel; (3) the complexity of issues in this Action; (4) the risks faced by Class Counsel throughout the litigation; and (5) the positive reaction of the Settlement Classes.

5. The costs and expenses sought were incurred in connection with the prosecution of the litigation for the benefit of the Settlement Classes and were reasonable and necessary to the further prosecution of this Action.

6. Therefore, upon consideration of the Motion and the memorandum and declarations in support thereof, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at the hearing on this matter, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; and (ii) the expenses for which reimbursement is requested were necessary, reasonable and proper.

7. Accordingly, it is hereby ORDERED and DECREED that:

    (a) Settlement Class Counsel are awarded attorneys' fees in the amount of 25% of the Settlement Fund ($62,812.50) plus accrued interest to be determined at the time of distribution.

    (b) Settlement Class Counsel are awarded reimbursement of unreimbursed costs and expenses in the amount of $15,968.90.

    (c) Settlement Class Counsel are awarded reimbursement of invoiced expenses that have not yet been paid in the amount of $17,308.37.

    (d) The attorneys' fees, reimbursement of expenses and reimbursement of unpaid invoiced expenses shall be paid from the Settlement Fund and the earned interest thereon.

    (e) The attorneys' fees, reimbursement of expenses, and reimbursement of unpaid invoiced expenses shall be allocated amongst Class Counsel by Settlement Class Counsel (Labaton Sucharow LLP) in a manner, which, in Settlement Class Counsel's good-faith judgment, reflects each of Class Counsel's contributions to the establishment, prosecution, and resolution of this litigation.

1   DONE AND ORDERED in Chambers in Los Angeles, California, this

3   29th day of November, 2012.

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE